■ BICC Cables Corporation, Respondent-Appellant, v Akzo America Inc., Appellant-Respondent. [642 NYS2d 905] —In an ac-

tion for a judgment declaring, *inter alia,* that the defendant is obligated by the parties' 1983 agreement to indemnify the plaintiff for certain expenses, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), entered January 6, 1995, as denied its motion for summary judgment, and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for partial summary judgment on the issue of liability, or in the alternative, to strike the defense of late notice.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the plaintiff's cross motion which was to strike the defense of late notice and by substituting therefor a provision granting that branch of the motion; and as so modified, the order is affirmed, with costs to the plaintiff.

The parties' 1983 Purchase Agreement provided that the defendant would indemnify the plaintiff for any liability arising from the defendant's operation of the subject premises prior to the closing. The Purchase Agreement also provided under the heading of "Participation in Litigation", that the parties had a duty to cooperate and give each other notice within five days of a "claim" or "lawsuit". The issue of whether the notice provision applied to the indemnification clause arose when the plaintiff, pursuant to a 1989 Administrative Consent Order from the New Jersey Department of Environmental Protection (hereinafter NJDEP) was required to clean up a contaminated area. The plaintiff sought indemnification from the defendant for the costs the plaintiff incurred in the cleanup, alleging that the contamination was caused by the defendant's prior operation.

Our review of the record reveals that the Administrative Consent Order, on the whole, was akin to a contract between the NJDEP and the plaintiff entered into for the purpose of complying with New Jersey's Environmental Cleanup Responsibility Act (NJEA 13:1 K-6 *et seq.*). Hence, we agree with the plaintiff that the Administrative Consent Order was not an adversarial "suit" or "claim" that threatened litigation requiring a defense that would trigger the notice provision of the Purchase Agreement *(see, Patrons Oxford Mut. Ins. Co. v Marois,* 573 A2d 16, 20 [Me]; *Borg-Warner Corp., v Insurance Co. of N. Am.,* 174 AD2d 24, 35-36). Because this is not a lawsuit or a claim, the notice provision has no applicability here.

However, this does not mean that the defendant must indemnify the plaintiff for the cleanup that was done pursuant

to the Administrative Consent Order. Considering that a cleanup of the subject site occurred in 1986, the subsequent cleanup that is the focus of the complaint poses material questions of fact as to whether the defendant is liable for this cleanup since the contaminants found after 1986 may not have been the result of the defendant's prior operations. Accordingly, summary judgment on the issue of liability as to the cleanup pursuant to the 1989 Administrative Consent Order was properly denied. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.